**LORONA STEINER DUCAR, LTD.**
3003 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-2909
Telephone: (602) 277-3000
Facsimile: (602) 277-7478

Jess A. Lorona, #009186
Katherine E. Flaherty, #024303
jlorona@azlawyers.com
kflaherty@azlawyers.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Phillip Roberts**, an individual,<br><br>                Plaintiff,<br>vs.<br><br>**City of Phoenix**; **John** and **Jane Does I-X**; **ABC Corporations I-X**; **DEF Business Entities I-X**; **XYZ Partnerships I-X**,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT**<br>(Retaliation)<br>(A.R.S. § 38-532)<br><br>[Jury Trial Requested] |

Plaintiff, Phillip Roberts ("Roberts"), by and through undersigned counsel, hereby alleges as follows for his Complaint against Defendant City of Phoenix as follows.

**PARTIES AND JURISDICTION**

1. The employment practices alleged to be unlawful were committed in the State of Arizona.

1

2. Plaintiff Roberts is a resident of the County of Maricopa, State of Arizona authorized to bring this action pursuant to 42 U.S.C. § 2000e-5(f)(1) and Arizona Revised Statutes ("A.R.S.) section 38-532.

3. Defendant City of Phoenix is, at all times relevant, a political subdivision of the State of Arizona located in Maricopa County, Arizona, and has continuously had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4. At all relevant times, the City of Phoenix has elected to carry out certain of its statutory powers through an organized police department known as the Phoenix Police Department. The City of Phoenix, acting by and through the Phoenix Police Department (the "PPD"), has continuously been an employer engaged in industries affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. On June 9, 2010, the U.S. Department of Justice ("DOJ") issued to Plaintiff a Notice of Right to Sue regarding Charge No. 540-2009-01536.

6. On or about December 1, 2009, Plaintiff served a Notice of Claim on Defendant City of Phoenix pursuant to A.R.S. § 12-821.01, alleging that the City of Phoenix had violated A.R.S. § 38-532. *See* Notice of Claim dated December 1, 2009, attached hereto as **Exhibit A** and incorporated herein by this reference.

7. On or about March 8, 2010, Plaintiff served another Notice of Claim on Defendant City of Phoenix.  This Notice of Claim again alleged that the City of Phoenix had violated A.R.S. § 38-532 and detailed further retaliation suffered by

Plaintiff. *See* Notice of Claim dated March 8, 2010, attached hereto as **Exhibit B** and incorporated herein by this reference.

8. Defendants are subject to the personal jurisdiction of this Court.

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367(a). This action is authorized and instituted pursuant to Section 703(a) and Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-3(a) ("Title VII"), and A.R.S. § 38-532.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper before this Court.

## **GENERAL ALLEGATIONS**

11. Plaintiff incorporates each and every allegation set forth above as if more fully set forth herein.

12. Plaintiff has been employed by the PPD for approximately 24 years.

13. Just prior to the filing of Plaintiff's Complaint with the Equal Opportunity Division ("EOD"), Plaintiff was employed as Senior Robbery Sergeant in the Violent Crimes Bureau of the Robbery Unit of the PPD.

14. Plaintiff is a Caucasian male.

15. On August 3, 2009, Plaintiff filed a complaint with the EOD stating that, among other things, the PPD, by and through Lieutenant Laurel Burgett ("Burgett"), was discriminating against Officer Terry Yahweh ("Yahweh"), an African American officer, on the basis of his race. *See* Complaint attached hereto as **Exhibit C** and incorporated herein by this reference.

16. Plaintiff alleged that Burgett singled Yahweh out for unduly harsh treatment, such as including a negative incident in his Performance Management Guide ("PMG") despite policies that one-time incidents not be placed into employee PMGs.

17. Plaintiff alleged that Burgett would not allow Yahweh to use flex time, prohibited Yahweh from sending e-mails to law enforcement units outside of the Violent Crimes Bureau, and instructed Plaintiff to watch Yahweh at all time and to remain apprised of all of his activities. These restrictions and scrutiny were not imposed on other officers in the unit.

18. Plaintiff further alleged that Burgett made sexually harassing, inappropriate and degrading comments, all creating a hostile work environment.

19. Plaintiff supplemented his EOD Complaint with additional information on August 5, 2009 and February 4, 2010. *See* Memoranda attached hereto as **Exhibit D** and incorporated herein by this reference.

20. In addition to raising violations of the Equal Employment Opportunity Act, Plaintiff also alerted several individuals in management positions with the PPD as well as the Professional Standards Bureau, the City of Phoenix's Integrity Committee and the City Council of the hostile working environment being created within the PPD. *See* Memoranda attached hereto as **Exhibit E** and incorporated herein by this reference.

21. On August 4 and 5, 2009, Plaintiff overheard Burgett and Sergeant Alex Ortiz ("Ortiz") making derogatory statements about him to others in his department.

4

22. On August 10, 2009, Plaintiff was removed from all kidnapping and home invasion investigations and was removed from a general standby work schedule for the date of August 11, 2009.

23. On August 17, 2009, Assistant Chief James Pina ("Pina") threatened Plaintiff's job and position with the Robbery Unit. Pina told Plaintiff that any additional memoranda alleging policy violations would be cause for his removal. Pina also chastised Plaintiff for instigating an investigation that would take six months to complete.

24. On August 28, 2009, while Plaintiff was acting as the lead supervisor of a major criminal investigation involving the sale of hand grenades, the investigation was removed from Plaintiff's control without cause.

25. On September 4, 2009, Plaintiff received a monthly note evaluation from Burgett for the month of June, 2009. This was the first monthly note evaluation Plaintiff received since October of 2008 and it was extremely negative in nature.

26. On September 15, 2009, Plaintiff received a monthly note evaluation from Burgett for the month of July, 2009. This monthly note evaluation was also extremely negative.

27. On September 16, 2009, Plaintiff learned that an internal investigation had been launched against him by Lieutenant Lisa Messina ("Messina").

28. On October 5, 2009, Plaintiff was "temporarily" transferred out of the Robbery Unit to the Squaw Peak Precinct for patrol duty.

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

29. On October 13, 2009, Plaintiff requested to return to the Robbery Unit. Commander Robert Handy ("Handy") informed Plaintiff that he was not allowed to return to the Robbery Unit, stating that the PPD Chiefs felt he was "anti-management."

30. On November 6, 2009, Plaintiff's Robbery Sergeant position was listed in the Transfer Opportunities Bulletin as a position to be filled.

31. On December 15, 2009, Plaintiff is subjected to another internal investigation.

32. In approximately December of 2009, the Integrity Committee of the City of Phoenix denied Plaintiff his requested whistleblower protection under A.R.S. § 38-532.

33. Upon information and belief, the foregoing acts were in retaliation for the filing of Plaintiff's EOD Complaint and alerting certain public bodies of Burgett's improper actions.

34. Plaintiff requests a jury trial in this matter.

## COUNT ONE
## VIOLATION OF A.R.S. § 38-532

35. A.R.S. § 38-532 states that it "is a prohibited personnel practice for an employee who has control over personnel actions to take reprisal against an employee for a disclosure of information of a matter of public concern by the employee to a public body which the employee reasonably believes evidences: 1. A violation of any law. 2. Mismanagement, a gross waste of monies or an abuse of authority."

36. Burgett, Ortiz, Pina, Messina and Handy all have control over personnel actions within the PPD.

37. On August 3, 2009, Plaintiff disclosed information of a public concern, specifically racial discrimination, sexual harassment and the creation of a hostile work environment, to a public body, the EOD.

38. Plaintiff reasonably believes that the information disclosed evidences violations of the Equal Employment Opportunity Act as well as mismanagement and abuse of authority.

39. The PPD, by and through Burgett, Ortiz, Pina, Messina and Handy have taken reprisal against Plaintiff by making derogatory statements about him to others in his department, removing Plaintiff from all kidnapping and home invasion investigations, removing Plaintiff from a general standby work schedule, threatening Plaintiff's job and position with the Robbery Unit, removing a major criminal investigation from Plaintiff's control without cause, giving Plaintiff negative monthly note evaluations, launching an internal investigation into Plaintiff, and transferring Plaintiff out of the Robbery Unit, among others.

40. As a direct and proximate result of PPD's reprisals, Plaintiff has suffered from demotion, loss of work and emotional distress.

41. PPD created intolerable working conditions for Plaintiff by retaliating against him for filing his charge with the EOD and alerting public bodies of the hostile work environment being created within the PPD.

42. As a direct and proximate result of PPD's purposeful and direct retaliation, Plaintiff has suffered undue stress and anxiety from his employment with PPD.

## COUNT TWO
## RETALIATION

43. Plaintiff incorporates each and every allegation above as if fully set forth herein.

44. The acts committed by PPD and its employees, as more fully set forth hereinabove, resulted in PPD's violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-3(a).

45. Plaintiff has suffered from PPD's retaliation and purposeful discrimination because he filed a charge of discrimination against PPD with the EOD pursuant to the Civil Rights Act of 1964, as amended.

46. The PPD, by and through Burgett, Ortiz, Pina, Messina and Handy has retaliated against Plaintiff by making derogatory statements about him to others in his department, removing Plaintiff from all kidnapping and home invasion investigations, removing Plaintiff from a general standby work schedule, threatening Plaintiff's job and position with the Robbery Unit, removing a major criminal investigation from Plaintiff's control without cause, giving Plaintiff negative monthly note evaluations, launching an internal investigation into Plaintiff, and transferring Plaintiff out of the Robbery Unit, among others.

**LORONA STEINER DUCAR, LTD.**
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

47. As a direct and proximate result of PPD's retaliation, Plaintiff has suffered from demotion, loss of work and emotional distress.

48. PPD created intolerable working conditions for Plaintiff by retaliating against him for filing his charge with the EOD.

49. As a direct and proximate result of PPD's purposeful and direct retaliation, Plaintiff has suffered undue stress and anxiety from his employment with PPD.

**WHEREFORE,** Plaintiff prays for Judgment against Defendant City of Phoenix as follows:

A. For compensatory damages, plus statutory, special and incidental damages in such a sum as may be proven at trial;

B. For punitive damages in such a sum as may be necessary to punish the Defendant for its wrongful acts in such a sum as may be proven at trial;

C. For the costs of this suit;

D. For his attorneys' fees and disbursements; and

E. For such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2010.

**LORONA STEINER DUCAR, LTD.**

BY: /s/ Jess A. Lorona
    Jess A. Lorona
    Katherine E. Flaherty
    Telephone: (602) 277-3000
    Facsimile: (602) 277-7478
    Attorneys for Plaintiff