**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Roberts,                                )<br>                                                    )<br>            Plaintiff,                             )<br>                                                    )<br>vs.                                                 )<br>                                                    )<br>City of Phoenix, et al,                    )<br>                                                    )<br>            Defendants.                      )<br>                                                    )<br>_____) | No. CV-10-01984-PHX-ROS<br><br>**ORDER** |

Defendant City of Phoenix seeks dismissal of Plaintiff's state law claim. For the following reasons, the motion will be granted.

**BACKGROUND**

Plaintiff is a Senior Robbery Sergeant in the Violent Crimes Bureau of the Robbery unit of the Phoenix Police Department. In 2009, Plaintiff filed a complaint with the Equal Opportunity Division stating Lieutenant Laurel Burgett was discriminating against Officer Terry Yahweh on the basis of Officer Yahweh's race. Shortly after filing his complaint, Plaintiff "was removed from all kidnapping and home invasion investigations and was removed from a general standby work schedule." (Doc. 1 at 5). Plaintiff was later threatened that any "additional memoranda alleging policy violations would be cause for his removal." (Doc. 1 at 5). Plaintiff also became the target of internal investigations and was transferred out of the Robbery Unit.

1  Based on these events, Plaintiff filed a two count complaint against the City of
2  Phoenix. Plaintiff's first count is for violation of Arizona's whistle blower statute.
3  Plaintiff's second count is for retaliation in violation of Title VII. Defendant seeks dismissal
4  of the first count on the basis that the whistle blower statute does not apply to City of
5  Phoenix employees.

**ANALYSIS**

**I. Standard for Motion to Dismiss**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a motion to dismiss, a court must accept all factual allegations as true but need not accept legal conclusions. *Id.*

**II. A.R.S. § 38-532 Does Not Apply to City Employees**

Plaintiff claims Defendant violated Arizona's whistle blower protection law. The law prohibits "an employee who has control over personnel actions to take reprisal against an employee for a disclosure of information of a matter of public concern by the employee to a public body which the employee reasonably believes evidences . . . [a] violation of any law." A.R.S. § 38-532. Plaintiff claims his complaint to the Equal Opportunity Division disclosed violations of the law "as well as mismanagement and abuse of authority." (Doc. 1 at 7). According to Defendant, the law does not apply to employees of the City of Phoenix.

Defendant's argument depends on the statutory definition of the term "employee." The statute provides

> "Employee" means an officer or employee of this state or any of its departments, commissions, agencies or boards. Employee includes employees and officers of community college districts, school districts and counties of this state but does not include officers or employees of a municipal corporation established for the purpose of reclamation and distribution of water and the generation of electricity.

A.R.S. § 38-531(1). Defendant points out the City of Phoenix–which is a municipal

- 2 -

1  corporation–is not the state nor a department, commission, agency, board, or county of the
2  state.  Thus, Defendant believes Plaintiff is not an "employee" covered by the statute.
3  Plaintiff responds that the statute must cover all employees of municipal corporations
4  because there is a carve out for specific municipal corporation employees.  The Arizona
5  Supreme Court has not decided this issue.  Therefore, the Court must predict how the
6  Arizona Supreme Court would resolve the issue "based on decisions of [Arizona] courts,
7  decisions from other jurisdictions, treatises and restatements." *Simmonds v. Credit Suisse
8  Securities* (USA) LLC, 2011 WL 135693, at*4 (9th Cir. Jan. 18, 2011).

9  Arizona follows "fundamental principles of statutory construction, the cornerstone of
10 which is the rule that the best and most reliable index of a statute's meaning is its language
11 and, when that language is clear and unequivocal, it is determinative of the statute's
12 construction."  *Janson v. Christenson*, 808 P.2d 1222, 1223 (Ariz. 1991).  If the plain
13 language is ambiguous, a court must determine the legislative intent "by interpreting the
14 statutory scheme as a whole and consider[ing] the statute's context, subject matter, historical
15 background, effects and consequences, and spirit and purpose." *Hughes v. Johnson*, 50 P.3d
16 821, 823 (Ariz. 2002).  Accordingly, the first step is the language of the statute.

**A.  Statute is Ambiguous**

The statute applies to employees of the state, community college districts, schools districts, and counties.  The statute's language does not directly address employees of municipal corporations other than to exclude employees of municipal corporations established for the reclamation and distribution of water or the generation of electricity.  If, as Defendant suggests, the statute does not apply to all employees of municipal corporations, the exclusion regarding certain municipal corporations employees is superfluous.[1]  This

---

[1] It is possible the exclusion of specific municipal corporation employees merely is a "belt and suspenders" attempt to make sure the employees of municipal corporations are excluded. *See United States v. Carona*, 2011 WL 32581, at *10 (9th Cir.) ("The term 'belt and suspenders' is sometimes used to describe the common tendency of lawyers to use redundant terms to make sure that every possibility is covered.").  It would be strange, however, to draft an exclusion addressed to specific employees when the general class those

- 3 -

reading would be contrary to a court's duty to avoid rendering any part of a statute "superfluous, void, contradictory, or insignificant." *Devenir Associates v. City of Phoenix*, 821 P.2d 161, 164 (Ariz. 1991). But the text of the statute does not provide any basis for applying it to all municipal corporation employees; the statute simply does not extend coverage to *all* municipal corporation employees. Thus, to read the statute as covering municipal corporation employees would be contrary to a court's duty to "not read into a statute something which is not within the express manifest intention of the Legislature as gathered from the statute itself." *Patches v. Indus. Comm'n*, 204 P.3d 437, 440 (Ariz. Ct. App. 2009). Because either reading of § 38-532 creates problems, the plain language of the statute is ambiguous.

### B. Case Law Is Not Instructive

The Court has been able to locate only three court decisions potentially on point. First, the court in *Sasser v. City of Phoenix*, 2008 WL 4108040, at *2 (Ariz. Ct. App.), squarely addressed the issue and concluded the statute does not cover municipal corporation employees. That case, however, is unpublished and does not explain its reasoning other than a straightforward reading of the statutory text.[2] Second, in *Wagner v. City of Globe*, 722 P.2d 250 (Ariz. 1986), a police officer for the City of Globe sued for wrongful discharge after being fired for whistle blowing activity. In ruling on his wrongful discharge claim, the court stated "A.R.S. § 38-532 is not applicable to this case." *Id.* at 257 (emphasis added). The context of the quote makes it unclear whether the court was observing § 38-532 does not apply to city employees or whether the court was merely observing the plaintiff had not pursued a claim under § 38-532. And third, in *Galati v. America West Airlines, Inc.*, 69 P.3d 1011, 1015 n.6 (Ariz. Ct. App. 2003), the court noted the officer in *Wagner* could have pursued a claim under A.R.S. § 38-532. There is no indication the *Galati* court was aware

---

employees belong to is not covered by the statute.

[2] The entirety of the analysis is "[o]n its face, § 38-531 does not include municipal employees." *Id.*

- 4 -

1 city employees might not be protected under A.R.S. § 38-532.  Viewed together, existing
2 case law is little help.

### B.  Legislative History

According to Defendant, the Arizona legislature has rejected attempts to include municipal corporation employees in the statute on two separate occasions.  In 1989, the Arizona legislature discussed changing the definition of "employee" to include employees of the "state, or a city, town, county, community college or school district within this state." Hearing on S.B. 1423 before the H. Comm. on Gov't Operations, 39th Leg., 1st Reg. Sess. (Ariz. Apr. 4, 1989) (Doc. 13-1 at 7).  The legislature rejected this amendment.  In 1990, another amendment was proposed to revise the definition of "employee" to cover individuals employed by cities.  This amendment was opposed by the Deputy Personnel Director of the City of Phoenix because it was unnecessary based on the City of Phoenix already having a "specific grievance process, in which they encourage[d] employees to come forward with problems."  Hearings on H.B. 2122 before the S. Comm. on Gov't, 39th Leg., 2d Reg. Sess. (Ariz. Apr. 5, 1990).  The clear assumption of both proposed amendments is that the whistle blower law *did not* already apply to city employees.  This is evidence in favor of reading the current statute as excluding city employees.  *Cf. Cicoria v. Cole*, 215 P.3d 402, 406 (Ariz. Ct. App. 2009) ("Subsequent legislation that clarifies the statutory scheme is strongly indicative of the legislature's original intent.").

### C.  Structure of Statute

Defendant believes the structure of the Arizona whistle blower law's administrative remedy shows city employees are not covered by the law.  The whistle blower law allows an aggrieved employee to make a complaint to a community college district, county personnel board, school district personnel board, or the state personnel board.  A.R.S. § 38-532(H).  Defendant argues none of these boards have jurisdiction over city employees. Therefore, if the whistle blower statute applies to city employees, those employees would not have an administrative avenue of relief similar to that enjoyed by other public employees. This argument is faulty, however, because the Arizona Supreme Court has clarified if an

- 5 -

1 employee is "covered in the definitional provisions" of the whistle blower statute, the
2 personnel board has "enforcement authority relative to those employees." *McDonald v.*
3 *Campbell*, 821 P.2d 139, 144 (Ariz. 1991). In other words, if an employee is protected by
4 the whistle blower statute, the state personnel board has the authority to hear administrative
5 complaints made by that employee. Thus, if city employees were protected by the whistle
6 blower act, they would have the same administrative remedy as other state employees.
7 Defendant's arguments regarding the structure of the statute do not weigh in either party's
8 favor.

### D. Purpose of Whistle Blower Statute

10 The Arizona Supreme Court "believe[s] that whistleblowing activity which serves a
11 public purpose should be protected." *Wagner*, 722 P.2d at 257. "[T]he decision to expose
12 illegal or unsafe practices should be encouraged." *Id.* Moreover, "[n]o one will disagree
13 with the proposition that public policy is furthered when the civil rights of our citizens are
14 protected from abuse." *Id.* at 258. These statements counsel in favor of a broad reading of
15 the whistle blower statute because providing formal protection to city employees for their
16 whistle blowing activities undoubtedly will encourage such activity. The policy behind the
17 whistle blower statute supports applying it to city employees.

### E. Summary

19 The statutory language is ambiguous and either possible reading conflicts with settled
20 principles of statutory construction. Allowing the employees of municipal corporations to
21 file suit under § 38-532 would not conflict with the overall structure of the statute and it
22 would promote the underlying purposes of the statute. But the legislative history indicates
23 the Arizona Legislature believes the current statute does not cover employees such as
24 Plaintiff. There are also indications in the caselaw that the statute does not cover city
25 employees. Viewing the circumstances as a whole, it appears likely the Arizona Supreme
26 Court would adopt a reading of § 38-532 to exclude city employees. Under this reading, the
27 motion to dismiss must be granted.

28 Accordingly,

1  **IT IS ORDERED** the Motion to Dismiss (Doc. 5) is **GRANTED**.  Count one of the
2  complaint is dismissed.
3  DATED this 10th day of February, 2011.

Roslyn O. Silver
Chief United States District Judge